JOSEPH EATON *versus* DANIEL JACOBS.

A verdict for a tenant, who claims title by twenty years' possession, cannot be sustained, where there is no evidence that his possession was adverse to the title or interest of the demandant who was the true owner.

WRIT OF ENTRY upon the demandant's own seizin.

The demandant put in evidence an office copy of a deed from Crosby Barton to Thomas W. Smith, dated February 5, 1824, conveying the demanded premises; and traced his title through sundry mesne conveyances from said Smith.

The defendant claimed title by virtue of a possession of

the premises for more than twenty years; and introduced testimony that he had so occupied the same; that during that time he had largely increased the value of the farm by his labor, and the erection of new buildings thereon.

There was testimony tending to show that, at or soon after the time he took possession of the premises, it was with the expectation that he should acquire title to it by purchase.

The verdict was for the defendant. The case was presented to the full Court, upon the demandant's motion to set aside the verdict, as being against the evidence in the case, which was fully reported; and also upon exceptions to certain rulings of RICE, J., presiding at the trial.

*Evans* and *Heath*, for the demandant.

*Vose & Vose*, for the tenant.

The opinion of the Court was drawn up by

CUTTING, J. — The demandant traces a record title to the demanded premises through mesne conveyances from one Crosby Barton, who conveyed the same, on February 5, 1824, and is entitled to recover in this suit, unless the tenant can prevail in his defence, which is adverse possession for twenty years before the commencement of this action. We have examined the evidence reported and have failed to perceive any testimony even tending to show any possession adverse to the title or interest of the true owner. It is true the evidence was conclusive of the tenant's possession for more than twenty years, but of no claim of ownership in his own right. The motion, then, to set aside the verdict as against evidence, must be sustained, and the exceptions become immaterial.            *Motion sustained,*

                                    *Verdict set aside, and*
                                        *New trial granted.*

RICE, DAVIS, KENT and WALTON, JJ., concurred.